IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN WILLIE MALONE, JR. | ) | |
| AIS #292690, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 14-00571-WS-N |
| | ) | |
| KARLA JONES, | ) | |
|     Respondent. | ) | |

### REPORT AND RECOMMENDATION

Petitioner, John Willie Malone, Jr., an Alabama prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 4).[1] The Respondent, through the Office of the Attorney General of the State of Alabama, has timely filed an Answer (Doc. 7) to the petition, and Malone has timely filed a reply (Doc. 8) to the Answer. Malone's habeas petition is now under submission and is ripe for disposition.

Under S.D. Ala. GenLR 72.2(b), the petition has been referred to the undersigned Magistrate Judge for entry of a recommendation as to the appropriate disposition, in accordance with 28 U.S.C. § 636(b)(1)(B)-(C), Rule 8(b) of the Rules Governing § 2254 Cases in the United States District Courts, and S.D. Ala. GenLR 72(a)(2)(R). Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** that Malone's habeas petition (Doc. 4) be **DENIED** and that this action be **DISMISSED with prejudice**. The undersigned further

---

[1] Malone initially filed his petition on December 15, 2014 (Doc. 1), but on an outdated form and was ordered to file a new petition on the Court's current form. (*See* Doc. 3). Malone timely complied with that order, resulting in the instant operative habeas petition (Doc. 4).

**RECOMMENDS** that Malone be found not entitled either to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

## I.     Background

Following a jury trial in the Circuit Court of Mobile County, Alabama, Malone was found guilty of one count of first-degree assault in violation of Ala. Code § 13A-6-20 (Mobile Co. Circuit Ct. Case No. CC-12-3871). (Doc. 7-1 at 21, 196). On December 19, 2013, the circuit court sentenced Malone to twenty-five years in prison and assessed various fines and costs. (*Id.* at 214). Malone filed a Motion for a New Trial and a hearing was held on March 17, 2014. (Doc. 11). The trial court denied Malone's motion.

On July 11, 2014, the Alabama Court of Criminal Appeals affirmed the circuit court's judgment on direct appeal in an unpublished memorandum decision. (Doc. 7-6). Malone filed a request for rehearing on July 18, 2014, which was overruled on July 25, 2014. (Doc. 7-7; Doc. 7-8). Thereafter, Malone filed a Petition for Writ of Certiorari (Doc. 7-9) that was denied on September 12, 2014. (Doc. 7-10).

On December 9, 2014 (the date Malone signed his initial petition) (*see* Doc. 1 at 13),[2] Malone initiated this action under § 2254 challenging his conviction.[3]

---

[2] Under "the prison mailbox rule, … 'a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.'" *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (per curiam) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)). *See also* Rule 3(d) of the Rules Governing § 2254 Cases in the United States District Courts. Courts "assume, '[a]bsent evidence to the contrary, ... that a prisoner delivered a filing to prison authorities on the date that he signed it.'" *Daniels*, 809 F.3d at 589 (quoting *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam)).

[3] Because Malone challenges a conviction handed down by a state court within this judicial

## II. Claim for Relief

The sole claim for relief in Malone's operative habeas petition is that the trial court erred by denying his motion for new trial based on ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution. More specifically, Malone asserts that his counsel should have called Sean Cunningham and Evette Coleman as witnesses at trial because their testimony would have contested the State's version of the alleged crime. (Doc. 4 at 7). The Respondent does not assert any procedural bar to the petition (e.g. failure to exhaust, statute of limitations) but argues that Malone's claim is due to be denied on the merits. (*See* Doc. 7).

## III. Analysis

Because Malone's habeas petition was filed after April 24, 1996, it is subject to application of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). *E.g., Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1281 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1625 (2013). "Under AEDPA, if a petitioner's claims have been 'adjudicated on the merits in State court,' a federal court cannot grant habeas relief unless the state court's adjudication of the claims (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' " *Hittson v. GDCP Warden*, 759

---

district, *see* 28 U.S.C. § 81(c), this Court has jurisdiction to entertain his habeas petition. *See* 28 U.S.C. § 2241(d).

F.3d 1210, 1230 (11th Cir. 2014) (quoting 28 U.S.C. § 2254(d)), *cert. denied*, 135 S. Ct. 2126 (2015). "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires a state prisoner to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error beyond any possibility for fairminded disagreement. If this standard is difficult to meet—and it is—that is because it was meant to be. [Federal courts] will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) (internal citations and quotations omitted). *See also Woods v. Donald*, -- U.S. --, 135 S. Ct. 1372, 1376 (2015) (per curiam) ("AEDPA's standard is intentionally ' " ' difficult to meet. ' " ' " (quoting *White v. Woodall*, 572 U.S. ––––, ––––, 134 S. Ct. 1697, 1702, 188 L. Ed. 2d 698 (2014) (quoting *Metrish v. Lancaster*, 569 U.S. ––––, –––––, 133 S. Ct. 1781, 1786, 185 L. Ed. 2d 988 (2013)))). The United States Supreme Court has

> explained that " 'clearly established Federal law' for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." *White*, 572 U.S., at ––––, 134 S. Ct., at 1702 (some internal quotation marks omitted). "And an 'unreasonable application of' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Id.*, at ––––, 134 S. Ct., at 1702 (same). To satisfy this high bar, a habeas petitioner is required to "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter,* 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011).
>
> Adherence to these principles serves important interests of federalism

4

and comity. AEDPA's requirements reflect a "presumption that state courts know and follow the law." *Woodford v. Visciotti,* 537 U.S. 19, 24, 123 S. Ct. 357, 154 L. Ed. 2d 279 (2002) (*per curiam*). When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong. Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington, supra,* at 102–103, 131 S. Ct. 770 (internal quotation marks omitted).

*Woods*, 135 S. Ct. at 1376.

Finally, "AEDPA instructs that, when a federal habeas petitioner challenges the factual basis for a prior state-court decision rejecting a claim, the federal court may overturn the state court's decision only if it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Burt v. Titlow,* ––– U.S. ––––, 134 S. Ct. 10, 15, 187 L. Ed. 2d 348 (2013) (quoting 28 U.S.C. § 2254(d)(2)). In such cases, "[t]he prisoner bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'" *Id.* (quoting 28 U.S.C. § 2254(e)(1)). Like the "unreasonable application" standard in § 2254(d)(1), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen,* 558 U.S. 290, 301, 130 S. Ct. 841, 849, 175 L. Ed. 2d 738 (2010). "[E]ven if reasonable minds reviewing the record might disagree about the finding in question ... that does not suffice to supersede the [state] court's determination." *Id.* (alterations and quotation marks omitted).

*Hittson*, 759 F.3d at 1230.

"As a rule, [federal courts] review 'the highest state court decision reaching the merits of a habeas petitioner's claim.'" *Holland v. Florida*, 775 F.3d 1294, 1308 (11th Cir. 2014) (quoting *Hittson*, 759 F.3d at 1231), *cert. denied*, 136 S. Ct. 536 (2015). Here, that decision is the Alabama Court of Criminal Appeals' July 11, 2014, memorandum opinion affirming the trial court's denial of Malone's motion for

a new trial. Under this framework, the undersigned will address Malone's claim for habeas relief.

### A.   *Ineffective Assistance of Counsel*

Malone's sole claim for relief is one of ineffective assistance of counsel based on his counsel's failure to call two additional witnesses, Sean Cunningham and Evette Coleman, at trial. (Docs. 4 and 8, generally). Malone argues that the testimony of these witnesses would have rebutted the testimony of Demetrius Woodard, the victim, and sole witness for the prosecution. (*Id*.)

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. U.S. Const., amend. VI; *Strickland v. Washington*, 466 U.S. 668 (1984). Normally, "[t]o establish an ineffective assistance of counsel claim, a defendant must show that (1) 'counsel's representation fell below an objective standard of reasonableness' and (2) that such failure prejudiced him in that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001) (per curiam) (quoting *Strickland*, 466 U.S. at 687-88, 694).

The Alabama Court of Criminal Appeals summarized the facts before the trial court on Malone's Motion for a New Trial as follows:

> Malone's sole issue on appeal is that the trial court erred by denying his motion for a new trial. In that motion, Malone argued that trial counsel was ineffective under Strickland v. Washington, 466 U.S. 668 (1984). Malone contended that trial counsel failed to call two witnesses who, he said, would have offered testimony refuting Woodard's version of the incident. Specifically, Malone asserted that Sean Cunningham, who was present at the time of the shooting and

6

who witnessed the altercation, would have testified that Woodard was the initial aggressor and that Woodard was the one who initially had the gun.  Malone also asserted that Evette Coleman, if called as a witness, would have testified that she heard the argument between Malone and Woodard and that, before any shots were fired, Malone repeatedly tried to persuade Woodard to leave the premises.

At the hearing on the motion for a new trial, Cunningham testified that he witnessed the altercation between Malone and Woodard.  Cunningham's testimony was similar to Woodard's as to the events leading up the verbal altercation.  However, Cunningham stated that, as the men were arguing, Woodard pressed his finger into Malone's chest, took three steps back, reached into his back pocket, and pulled out what looked like a gun.  Next, according to Cunningham, Mr. Malone took two or three steps toward Mr. Woodard.  They started a slight altercation.  I heard shots and I hit the ground." (S.R. 9.)  Cunningham stated that he fled the scene because he had been shot eight times in the past.  On cross-examination, Cunningham admitted that he did not call the police that day to report the shooting.  Cunningham also admitted that, in 2012, he pleaded guilty to possession of a forged instrument.

Evette Coleman testified that she was Malone's neighbor at the time of the shooting.  Coleman stated that she was in her house that day and was able to hear the argument between Malone and Woodard.  According to Coleman, Malone said,  "'Go ahead on, go ahead on," to which Woodard replied, "'F the children.'" (S.R. 13.)  Coleman stated that he then heard gunshots.  However, Coleman did not see any of the altercation and did not know who fired the shots.

Both witnesses testified that they were available and willing to testify at Malone's trial.  Coleman was actually present at the trial but Cunningham stated that Malone's attorney never told him the date of the trial.   According to Malone, trial counsel was deficient for failing to call Coleman and Cunningham as witnesses.  Malone argued that the jury only heard Woodard's version of the events and, had it heard Malone's version, there is a reasonable probability that he would have been acquitted. Therefore, he argued, he is entitled to a new trial.

(Doc. 7-6 at 3-4).

7

In upholding the trial court's ruling, the Court of Criminal Appeals addressed the applicability of *Strickland* and stated the following:

> We have reviewed the record on appeal with these principles in mind and do not find that trial counsel's performance was deficient. It is undisputed that Woodard was the only witness who testified regarding the actual shooting. In reviewing the record, it is apparent that defense counsel's strategy was to discredit Woodard so that the jury would not believe his testimony.
>
> During his cross-examination of Woodard, defense counsel elicited testimony that Woodard had been convicted of selling forged DVDs, a crime involving dishonesty. Defense counsel also introduced photographs depicting Woodard holding guns and pictures suggesting that Woodard was a member of a gang. These photographs contradicted Woodard's prior testimony that he did not own or carry a gun. Also, as noted earlier, defense counsel called Brittany Whit who testified that Woodard was violent towards her during their relationship. By eliciting this testimony, defense counsel painted a picture of Woodard as a dishonest and violent man who was not worthy of belief. Additionally, defense counsel had valid reasons for not calling Cunningham and Coleman as witnesses. As noted, Coleman did not actually witness the shooting. Therefore, her testimony would not have contradicted Woodard's version of the events. Further, Cunningham admitted that he had been convicted of possessing a forged instrument, a felony that involved dishonesty. It would not have been unreasonable for defense counsel to decide, for tactical reasons, not to call these witnesses and, instead, focus on discrediting Woodard. In fact, the prosecutor made the following comment during his closing argument: "No bones about it, this whole case relies on [Woodard]. If you guys believe him, find [Malone] guilty. If you don't believe him, cut [Malone] loose." (R. 143.) It appears that defense counsel understood that and attempted to persuade the jury that Woodard was not trustworthy and that his testimony could not be believed. Finally, we note that Malone was indicted for attempted murder but was convicted of the lesser-included offense of first-degree assault. Therefore, defense counsel's strategy was not completely unsuccessful.
>
> […]
>
> Based on the evidence presented at the hearing on the motion for a new trial, Malone failed to prove that defense counsel's decision not to call Cunningham and Coleman was not the product of a sound trial strategy. Nothing in the record suggests that the trial court's ruling was erroneous or otherwise contrary to the law. Accordingly, the trial court did not abuse its discretion by denying the motion for a new trial.

(Doc. 7-6 at 6-7).

Malone raises no challenge to the Court of Criminal Appeals' factual determinations, which this Court must presume correct in the absence of "clear and convincing evidence" to the contrary. *See Hunter*, 395 F.3d at 1200 ("Under [28 U.S.C. § 2254(e)(1)], state court factual determinations are presumed correct and a federal habeas petitioner is stuck with them unless he can rebut their presumed correctness with clear and convincing evidence to the contrary."). Further, in the present petition, Malone fails to provide any substantive discussion of how the Court of Criminal Appeals unreasonably applied either the facts or clearly established United States Supreme Court precedent to his claim. Instead, in his reply to Respondent's answer, Malone sets forth the same arguments made to the trial court and Court of Criminal Appeals. Namely, Malone states:

> It was not a reasonable trial strategy to not call the only two other available witnesses to the incident, to testify, when their testimony was favorable to the defense, rebutted the States only incriminating witness, and provided a legal defense for the Defendant. By not calling these witnesses, the Defendant was virtually defenseless before the jury. Justice is fairness. It wasn't nothing or it isn't nothing, the state has offered to show that this omission was any sort of trial strategy.

(Doc. 11 at 3). In making this argument, Malone fails to address the reasoning of the Appeals Court in applying *Strickland* (the same case under which Malone argues), i.e. that from an objective standpoint, there were valid strategic reasons why these two uncalled witnesses were not called. Specifically, because one witness did not actually see the altercation between Malone and Woodard (the victim) and because the other was a convicted felon of a crime that involved dishonesty.

9

On federal habeas review, the Court's only concern is whether state courts reasonably applied "clearly established **Federal** law, as determined by the **Supreme Court of the United States**…" 28 U.S.C. § 2254(d)(1) (emphasis added). The undersigned agrees with the Court of Criminal Appeals that Malone's attorney's decision not to call Cunningham and/or Coleman as witnesses was an objectively reasonable tactical strategy and finds that he was not deficient in representing Petitioner. *See Caderno v. U.S.*, 256 F.3d 1213, 1217 (11th Cir. 2001), *cert. denied*, 534 U.S. 1167 (2002) ("There is a strong presumption that counsel's performance was reasonable and adequate, with great deference shown to choices dictated by reasonable trial strategy"). As such, the decision of the Alabama Court of Criminal Appeals was neither incorrect nor unreasonable in its application of federal law and, therefore, Malone is not entitled to habeas relief. As a result, the undersigned **RECOMMENDS** that Malone's habeas petition (Doc. 4) be **DENIED** and this action **DISMISSED with prejudice**.[4]

### B. *Certificate of Appealability*

In actions, such as this one, brought under § 2254, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28

---

[4] In accordance with Rule 8(a) of the Rules Governing Section 2254 Cases, the undersigned, having considered the Respondent' answer and the records of the state court proceedings, finds that an evidentiary hearing is not warranted before dismissing Malone's petition.

U.S.C. § 2253(c)(2)).  However, "a COA does not require a showing that the appeal will succeed."  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Where, as here, the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  *See also Miller-El*, 537 U.S. at 336 ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)).).  "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part."  *Miller-El*, 537 U.S. at 338 (quotations omitted).  Upon consideration, the undersigned **RECOMMENDS** that a certificate of appealability in this action be **DENIED**.  Malone has not made a substantial showing of the denial of a constitutional right, and he has presented no constitutional claim for which "reasonable jurists would find [this] court's assessment…debatable or wrong."  *Slack*, 529 U.S. at 484.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this

11

report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011)[5]; *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).[6]

### C. *Appeal In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.A. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). *See also Weaver v. Patterson*, Civ. A. No. 11-00152-WS-N, 2012 WL 2568218, at *7 (S.D. Ala. June 19, 2012) (Nelson, M.J.), *report and recommendation adopted*, Civ.

---

[5] It should be noted that in that proceeding, the Eleventh Circuit (Judge Hull) also denied the petitioner's motion for certificate of appealability on October 11, 2011. (*See* Doc. 14 in CA-11-0165-WS-C.).

[6] Should the Court adopt this recommendation and deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing § 2254 Cases in the United States District Courts.

A. No. 11-00152-WS-N, 2012 WL 2568093 (S.D. Ala. July 3, 2012) (Steele, C.J.) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed. R. App. P. 24(a)(3)(A); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that 'good faith' is 'an objective concept' and that 'not taken in good faith' is 'a synonym for frivolous'); *DeSantis v. United Techs, Corp.*, 15 F. Supp. 2d 1285, 1288–89 (M.D. Fla. 1998) (stating that good faith 'must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous'). An appeal filed *in forma pauperis* is frivolous if 'it appears that the Plaintiff has little to no chance of success,' meaning that the 'factual allegations are clearly baseless or that the legal theories are indisputably meritless.' *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)."). *But see, e.g., United States v. McCray*, No. 4:07CR20-RH, 2012 WL 1155471, at \*2 (N.D. Fla. Apr. 5, 2012) ("Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal.").

Considering the foregoing analysis, the undersigned **RECOMMENDS** the Court certify that any appeal by Malone in this action would be without merit and therefore not taken in good faith and, accordingly, find that Malone is not entitled to appeal *in forma pauperis*.

## IV.     Conclusion

In accordance with the foregoing analysis, it is **RECOMMENDED** that Malone's habeas petition (Doc. 4) be **DENIED**, that this action be **DISMISSED with prejudice**, that judgment be entered in favor of the Respondent, and that the Court find Malone is not entitled to either a certificate of appealability or to appeal *in forma pauperis*.

## V.     Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and

recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 27th day of October, 2016.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**